UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

JEFFERY DYE,

          Plaintiff,

v.

HEIDI E. WASHINGTON et al.,

          Defendants.
_____/

Case No. 2:23-cv-95

Honorable Maarten Vermaat

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*. (ECF No. 4.) Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 6.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. § 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under

longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

consent from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Washington, Campbell, and Howard. Plaintiff's claims against Corizon Health will not be addressed on screening, and this case shall be administratively closed with respect to such claims until Plaintiff files a motion to reopen this matter upon termination of the bankruptcy proceedings regarding Corizon Health or the lifting of the automatic bankruptcy stay.

## Discussion

### I.  Factual Allegations

Plaintiff is presently incarcerated with the MDOC at the Kinross Correctional Facility (KCF) in Kincheloe, Chippewa County, Michigan. The events about which he complains occurred at that facility and the Gus Harrison Correctional Facility (ARF) in Adrian, Lenawee County,

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

Michigan. Plaintiff sues MDOC Director Heidi E. Washington, ARF Warden Sherman Campbell, ARF Deputy Warden Unknown Howard, and Corizon Health, Inc., a company that contracted with the MDOC to provide medical care during the relevant time. Plaintiff indicates that he is suing Defendants in their official and personal capacities. (ECF No. 1, PageID.2.)

Plaintiff alleges that while he was incarcerated at ARF, he was taken offsite to see non-party Dr. Simpson on August 19, 2022. (*Id.*) Dr. Simpson told Plaintiff "that he was putting in an urgent request for eye surgery." (*Id.*) The surgery was approved by MDOC officials "around September of 2022." (*Id.*) Plaintiff alleges that he was subsequently transferred to KCF "for retaliatory reasons that interfer[]ed with [Plaintiff] receiving the eye surgery that was recommended by Dr. Simpson." (*Id.*, PageID.2–3.) According to Plaintiff, he "suffers from an ailment that resulted in losing his sight, and that the need for cosmetic/aesthetic surgery was emergent." (*Id.*, PageID.3.) Plaintiff alleges that five months after his transfer, after "constant complaints and grievances," he "wrote to the health care provider inquiring about the much[-]needed surgery only to be told to watch for the call out." (*Id.*) "Plaintiff told health[care] officials that he was suffering through pain and that his eyesight [wa]s wors[e] from the delay in receiving the required recommended surgery." (*Id.*)

Plaintiff's exhibits indicate that he submitted a grievance regarding this issue on January 28, 2023. (ECF No. 1-1, PageID.8.) His grievance was denied on February 6, 2023. (*Id.*, PageID.9.) The response to his grievance stated, in part:

> Investigation of the patient's complaint and the patient's electronic medical record indicate the patient was evaluated by Grand Traverse Ophthalmology on December 8, 2022. At that time, the recommendations of the offsite ophthalmologist were to continue eye drop care only, and surgery was not recommended until his eye condition was under better control. The onside optometrist has reviewed these recommendations and has provided prescription drops for the patient. Currently, the patient has been approved and is scheduled for surgery.

(*Id.*) Plaintiff's grievance appeals were denied at Steps II and III. (*Id.*, PageID.11–14.)

4

Based on the foregoing, Plaintiff asserts Eighth Amendment claims against all Defendants, claiming that they have demonstrated deliberate indifference to Plaintiff's medical needs. (ECF No. 1, PageID.3.) Plaintiff seeks compensatory and punitive damages. (*Id.*, PageID.4.)

## II.     Claims Against Corizon Health

As noted above, Plaintiff has named Corizon Health, the company that contracted to provide healthcare services for the MDOC during the relevant time, as a Defendant. The Court notes that Tehum Care Services, Inc., d/b/a Corizon Health, Inc., has filed a petition in bankruptcy, and an automatic stay has been entered in accordance with the Bankruptcy Reform Act of 1978, 11 U.S.C. § 101 *et seq. See In re Tehum Care Services, Inc.*, Case No. 23-90086 (Bankr. S.D. Tex.). Accordingly, Plaintiff's claims against Corizon Health are automatically stayed as to the debtor until the bankruptcy proceedings in question are terminated or the stay is lifted. *See* 11 U.S.C. § 362(c).

The automatic stay provision of the Bankruptcy Reform Act of 1978, 11 U.S.C. § 101 *et seq.* halts the commencement or continuation of litigation against the debtor by adverse parties; it does not divest this Court of jurisdiction to issue necessary orders in civil actions that are stayed in bankruptcy. *See Cornell v. Walker*, 291 U.S. 1 (1934); *Donald F. Duncan Inc. v. Royal Tops Mfg. Co.*, 381 F.2d 879 (7th Cir. 1967), *cert. denied*, 390 U.S. 905 (1968). As discussed below, the Court will dismiss Plaintiff's claims against Defendants Washington, Campbell, and Howard. The Court's dismissal of those Defendants leaves only Plaintiff's claims against Corizon Health. In light of the bankruptcy stay, the Court will not address Plaintiff's claims against Corizon Health on screening. Instead, this case shall be administratively closed with respect to such claims until Plaintiff files a motion to reopen this matter upon termination of the bankruptcy proceedings or the lifting of the automatic bankruptcy stay.

### III.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to

6

identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Official Capacity Claims Against Defendants Washington, Campbell, and Howard

As noted above, Plaintiff sues Defendants Washington, Campbell, and Howard in their official and personal capacities. (ECF No. 1, PageID.2.) A suit against an individual in his or her official capacity is equivalent to a suit brought against the governmental entity: in this case, the MDOC. *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The states and their departments are immune under the Eleventh Amendment from suit in the federal courts unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous opinions, the United States Court of Appeals for the Sixth Circuit has specifically held that the MDOC is absolutely immune from a § 1983 suit under the Eleventh Amendment. *See, e.g.*, *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *McCoy v. Michigan*, 369 F. App'x 646, 653–54 (6th Cir. 2010). Here, Plaintiff seeks only monetary damages. (ECF No. 1, PageID.4.) Official capacity defendants are absolutely immune from monetary damages. *See Will*, 491 U.S. at 71; *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998). Therefore, the Court will dismiss Plaintiff's official capacity claims against Defendants Washington, Campbell, and Howard on grounds of immunity.

**B.     Individual Capacity Claims against Defendants Washington, Campbell, and Howard**

Although Plaintiff specifically names MDOC Director Washington, Warden Campbell, and Deputy Warden Howard as Defendants, Plaintiff does not present any factual allegations against them. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 545 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (citing *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."). Plaintiff fails to even mention Washington, Campbell, and Howard in the body of his complaint. His allegations fall far short of the minimal pleading standards under Fed. R. Civ. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to

relief"). For that reason alone, all individual capacity claims against Defendants Washington, Campbell, and Howard are properly dismissed.

Moreover, to the extent Plaintiff seeks to hold Defendants Washington, Campbell, and Howard liable because of their respective supervisory positions, the Court notes that government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

The Sixth Circuit repeatedly has summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee,* 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300, and citing *Phillips v. Roane Cnty.*, 534 F.3d 531, 543 (6th Cir. 2008)); *see also Copeland v.*

9

*Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (citing *Rizzo v. Goode*, 423 U.S. 362, 375–76 (1976); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993); *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).

Here, Plaintiff fails to allege that Defendants Washington, Campbell, and Howard encouraged or condoned the conduct of any healthcare officials, or authorized, approved, or knowingly acquiesced in that conduct. As noted above, Plaintiff fails to even mention these individuals in the body of his complaint. Plaintiff, therefore, has failed to demonstrate that Defendants Washington, Campbell, and Howard were personally involved in the events described in Plaintiff's complaint. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555. The Court, therefore, will dismiss Plaintiff's individual capacity claims against Defendants Washington, Campbell, and Howard.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Washington, Campbell, and Howard will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's claims against Corizon Health will not be addressed at this time on screening, and this case shall be administratively closed with respect to such claims until Plaintiff files a motion to reopen this matter upon termination of the bankruptcy proceedings regarding Corizon Health or the lifting of the automatic bankruptcy stay.

An order consistent with this opinion will be entered.

Dated: June 27, 2023 /s/ *Maarten Vermaat*
Maarten Vermaat
United States Magistrate Judge